Gurdev **SINGH**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71643, A76–456–567.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.[*]

Decided Sept. 1, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Cindy S. Ferrier, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., John C. Cunningham, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Gurdev Singh, a native and citizen of India, petitions for review of the Board of

** This disposition is not appropriate for publication and may not be cited to or by the

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Singh contends that the IJ's adverse credibility determination lacks a valid basis. We disagree. Indeed, the IJ identified numerous inconsistencies and implausibilities within and between Singh's testimony and asylum application. Each of these inconsistencies was specifically and cogently described by the IJ, and supported by the record. Since many of these inconsistencies also cast doubt on the events that go to the heart of Singh's claim, substantial evidence supports the denial of asylum. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004), Singh's untimely motion for stay of voluntary departure is denied.

**PETITION DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.