Hector Saul **SANDOVAL–ALVARADO;** **Ermina Elizabeth Sandoval; Paola Yadira Sandoval–Florian; Sandy Sarai Sandoval–Floria, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70601.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 24, 2004.

Decided Sept. 8, 2004.

Stuart I. Folinsky, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Thankful T. Vanderstar Fax, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

172

## MEMORANDUM *

This is a petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of petitioners' claims for asylum and withholding of removal. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000).

Petitioners' primary contention is that the IJ deprived them of due process by prejudging the case and preventing them from fully developing the record. Petitioners, however, did not raise a due process argument before the BIA. Because the due process claims made here are in the nature of procedural errors that the BIA could have remedied, they are subject to the exhaustion requirement. Because these claims were not exhausted before the BIA, we lack jurisdiction to review them. *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

On this record, we conclude that substantial evidence supports the IJ's adverse credibility finding, *see Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) (holding that substantial evidence supports an adverse credibility finding if it is supported by specific, cogent reasons), and that petitioners did not suffer past persecution on account of a protected ground, *see Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Moreover, there is no evidence to support a well-founded fear of future persecution.

Because petitioners do not meet the less stringent standard for asylum, they necessarily do not meet the "clear probability" standard required for withholding of removal. *See INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

Finally, petitioners Ermina, Paola, and Sandy Sandoval seek an extension of voluntary departure, the period for which has expired, relying on *Contreras–Aragon v. INS,* 852 F.2d 1088 (th Cir.1988). Their request, however, is foreclosed by *Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004), in which we recently held that a stay of voluntary departure cannot be granted to an alien who does not make his or her request until after the expiration of the voluntary departure period. *Id.* at 1158–60. Voluntary departure was denied to Hector Sandoval based on the IJ's finding of lack of good moral character and he seeks judicial review of that denial. However, we lack jurisdiction to review an order denying voluntary departure. 8 U.S.C. § 1229c(f); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Although Hector Sandoval attempts to clothe his challenge as a due process claim, "[s]imply labeling a claim as 'constitutional' does not suffice to make it so." *Catholic Soc. Serv., Inc. v. Reno,* 134 F.3d 921, 927 (9th Cir.1997); *see also Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1167 (9th Cir. 2004) ("Because there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure, the due process claim fails.").

The petition for review is denied. Ermina, Paola, and Sandy Sandoval's request for a stay of voluntary departure is denied. Hector Sandoval's challenge to the denial of his request for voluntary departure is dismissed.

**PETITION DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.