**Leodegario MOZQUEDA–SOLIS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71295.

Agency No. A91–995–615.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Kevin A. Bove, Attorney At Law, Escondido, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM**

Leodegario Mozqueda–Solis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the denial of Mozqueda–Solis' cancellation of removal application because the IJ denied relief, in part, for failure to demonstrate

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the requisite "exceptional and extremely unusual hardship." *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We do not consider whether Mozqueda–Solis established ten years of continuous physical presence because his failure to establish the requisite hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres,* 327 F.3d at 889 (noting that an applicant must establish continuous physical presence, good moral character and hardship to qualify for relief).

■ Because we lack jurisdiction to review the denial of Mozqueda–Solis' cancellation of removal application, we also lack jurisdiction to review his regulatory challenge to the summary affirmance procedure. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

■ We also lack jurisdiction to consider Mozqueda–Solis' contention that due process required his case be remanded to the BIA in light of *Matter of Monreal–Aguinaga,* 23 I. & N. Dec. 56 (BIA 2001), because he failed to administratively exhaust this claim with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (dismissing petition for failure to raise correctable procedural error to the BIA). Likewise, we lack jurisdiction to review the denial of Mozqueda–Solis' legalization application because he did not challenge the denial in his petition for review and because he makes no argument in his opening brief regarding why the denial is in error. *See* Fed. R.App. P. 3(c)(1)(B); *see Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1992).

Pursuant to *Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004), petitioner's un-

timely motion for stay of voluntary departure is denied.

**PETITION FOR REVIEW DISMISSED.**