Nikson MONINGKA, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 04–70159.

Agency No. A79–195–238.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, Joanne E. Johnson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Nikson Moningka, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for withholding of removal, voluntary departure, and relief under the Convention Against Torture ("CAT"). We lack jurisdiction to review Moningka's claim that he was improperly denied voluntary departure. *See* 8 U.S.C. § 1229c(f); *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order). We have jurisdiction under 8 U.S.C. § 1252 over the petition insofar as it concerns Moningka's claim for withholding of removal and relief under CAT, and we review for substantial evidence the IJ's determination that Moningka did not demonstrate eligibility for relief. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (withholding of removal); *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir. 2004) (CAT).

Substantial evidence supports the IJ's determination that Moningka has not dem-

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

onstrated that it is more likely than not that he will be persecuted in Indonesia. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (claim based on general civil strife insufficient to warrant relief); *Hakeem,* 273 F.3d at 816 (withholding of removal denied where family members continue to reside unharmed in country and applicant able to practice faith without incident).

Substantial evidence also supports the IJ's determination that Moningka failed to demonstrate it is more likely than not that he would be tortured if returned to Indonesia. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

We decline to address Moningka's claim that he established a pattern and practice of persecution because he did not exhaust this claim before the IJ or the BIA. *See Ndom v. Ashcroft,* 384 F.3d 743, 756 n. 8 (9th Cir.2004).

PETITION FOR REVIEW DENIED.