**Violeta I. GARCIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Felipe Santiago Cortegana, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

**Nos. 02–71630, 02–71631.**

United States Court of Appeals, Ninth Circuit.

May 27, 2004.

---

Joren Lyons, Angela M. Bean & Associates, San Francisco, CA, Jennifer Lightbody, Washington, DC, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Margaret Perry, Esq., Arthur L. Rabin, Esq., Jennifer Lightbody, Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

### ORDER

Felipe Cortegana and Violeta Garcia petitioned for review from the denial of their application for asylum and withholding of removal. After filing their petition for review, they requested that we hold they still qualify for voluntary departure because *Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1171 (9th Cir.2003) does not apply to them. We denied the petition for review in an unpublished disposition, filed March 18, 2004, because the immigration judge's decision was supported by substantial evidence. In the same disposition, we denied the motion to hold that petitioners still qualify for voluntary departure because petitioners have not exhausted their administrative remedies.

After that disposition was filed, petitioners filed a "Motion for Stay of Removal and Stay of Mandate," which the govern-

ment opposed. Petitioners essentially argue that their period of voluntary departure should have been stayed by the filing of their petition for review in the Court of Appeals, given their reliance on *Contreras–Aragon v. INS*, 852 F.2d 1088 (9th Cir.1988) (en banc), and given the equitable hardships, they face. We therefore construe these filings as a motion for stay of voluntary departure *nunc pro tunc*.

■ We deny the motion because the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") deprives us of jurisdiction to review the decision by the BIA to grant or deny a request for voluntary departure in cases subject to IIRIRA's permanent rules. 8 U.S.C. § 1229c(f). Extending a period of voluntary departure would be "in contravention of INS regulations." *Desta v. Ashcroft*, 365 F.3d 741, 747 (9th Cir.2004) (citing 8 C.F.R. § 1240.26(f)).

■ In *Desta* and *El Himri v. Ashcroft*, 344 F.3d 1261 (9th Cir.2003), we explained that IIRIRA does not remove our equitable authority to grant a stay of the voluntary departure period because a stay does not change the decision whether to grant voluntary departure, nor the amount of time granted. *Desta*, 365 F.3d 741, 747 (citing *El Himri*, 344 F.3d at 1262). A stay simply stops the clock, rather than adding time to that clock. We explained that the alien will have used up some of the voluntary departure period in the time before moving for a stay, and may have some left over to use after the mandate issues from the Court of Appeals. *Id.*

■ Applying this logic to the situation in which there is no motion filed within the voluntary departure period that can be construed as a motion for stay, if it can be done at all, would result in zero days remaining. *Cf. Sviridov v. Ashcroft*, 358 F.3d 722, 731 (10th Cir.2004). A motion for a stay of voluntary departure filed after the expiration of the departure period does not seek to preserve the status quo until our mandate issues, as it does when the motion is filed within the departure period. Rather, such a motion seeks to extend the voluntary departure period, and we lack authority to do so.

To give petitioners the relief they seek, we, contrary to *Desta*, would have to "reinstate" the period of voluntary departure as of the date our mandate issues, rather than "stay" the period as of the date of the motion.[1] However, this construction is not permitted under IIRIRA, which deprives us of the authority to grant or extend a period of voluntary departure to aliens.

We therefore hold that we do not have jurisdiction to grant a motion for a stay of voluntary departure filed after the departure period has expired in cases subject to IIRIRA's permanent rules. Moreover, we cannot construe Garcia's and Cortegana's petition for review as a motion for a stay of voluntary departure filed within the departure period. Unlike a motion for stay of removal, a petition for review is not similar to a motion for stay of voluntary departure, nor are the standards governing the two requests for relief. *Cf. Desta*, 365 F.3d 741, 748. We therefore deny peti-

---

**1.** This approach is followed in the First Circuit, where periods of voluntary departure are "reinstated" upon issuance of the court's mandate. *E.g., Velasquez v. Ashcroft*, 342 F.3d 55, 59 (1st Cir.2003). This practice dates back to before the passage of IIRIRA, and the First Circuit has continued the practice without further explanation. *See Velasquez*, 342 F.3d at 59 (citing *Khalil v. Ashcroft*, 337 F.3d 50, 56 (1st Cir.2003) (citing *Yatskin v. INS*, 255 F.3d 5, 11 (1st Cir.2001) (citing *Alvarez–Flores v. INS*, 909 F.2d 1, 8 (1st Cir. 1990)))). We respectfully disagree with this analysis as it applies to cases subject to IIRIRA's permanent rules, because IIRIRA makes clear that we do not have the authority to grant or extend a period of voluntary departure to aliens.

tioners' motion for a stay of voluntary departure.

We do not reach the question of whether, in light of their reliance on *Contreras–Aragon*, petitioners should be deemed to have overstayed their period of voluntary departure, or whether, if they leave the country, they should be deemed to have voluntarily departed or removed. Because petitioners have not exhausted their administrative remedies on the claim, it is not yet ripe for our consideration. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999).

**MOTION DENIED.**