Hilario VILLANISO DICDICAN; Crispina Tibon Dicdican, nee Crispina Omak Tibon, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71343.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Russell L. Marshak, Esq., Thomas H. Chung, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**134**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Petitioners Hilario Villaniso Dicdican and Crispina Tibon Dicdican, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and we dismiss in part, and deny in part the petition for review.

Petitioners' contention that the BIA's streamlining process denies aliens their right to appeal is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854–55 (9th Cir.2003).

Petitioners' contention that the BIA denied them due process by failing to remand the case to the IJ to apply the standard for "exceptional and extremely unusual hardship" announced in *In re*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*Monreal–Aguinaga*, 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001) and *In re Andazola–Rivas*, 23 I & N Dec. 319, 2002 WL 1001048 (BIA 2002) also fails. This argument is foreclosed by *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001 (9th Cir.2003), and does not raise a colorable due process challenge on these facts. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity").

Finally, Petitioners' contention that the IJ committed judicial misconduct also lacks merit, as they have failed to show the necessary prejudice to prevail on a due process challenge. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge to deportation proceedings ... [a petitioner] must ... demonstrat[e] that the alleged violation affected the outcome of the proceedings.").

Pursuant to *Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004) (order), petitioner's October 2, 2003 motion for stay of voluntary departure is denied as untimely.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.