**Felicitas HERNANDEZ–RODRIGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71712.

Agency No. A75–101–883.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 20, 2004.

Russell W. Pritchett, Bellingham, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM **

Felicitas Hernandez–Rodriguez petitions for review of the Board of Immigration Appeals' denial of her motion to reopen for the purpose of presenting evidence supporting eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). We grant the petition and remand.

The BIA refused to reopen on the sole basis that Hernandez was granted thirty days to voluntarily depart and had failed to do so. As a result, said the BIA, she was barred from obtaining cancellation of removal. *See* 8 U.S.C. § 1229c(d). The BIA reached that conclusion without prior notice to the parties and did not mention the now conceded fact that Hernandez did not post a departure bond within five days of the grant of voluntary departure. Her failure meant that the order was vacated automatically at the end of the fifth day and the removal order took effect the next

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

day. *See* 8 C.F.R. § 1240.26(c)(3). Therefore, a strong argument can be made that Hernandez did not overstay a thirty day voluntary departure period at all; one did not exist. It appears that the BIA did not consider that issue; nor, as far as we can ascertain, has it previously considered the issue in a precedential ruling. Because of that, we grant the petition and remand to the BIA so that it, in the first instance, can reconsider the motion to reopen in light of what occurred in this case. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002).

Petition GRANTED and REMANDED.[1]

---

1. We note that Hernandez also asserts that the immigration judge's findings were insufficient. We have no jurisdiction to consider the issue. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Garcia v. Ashcroft,* 368 F.3d 1157, 1159 & n. 1 (9th Cir.2004); *Desta v. Ashcroft,* 365 F.3d 741, 747 (9th Cir.2004).