Angelito Matundan GONZALES, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71916.

Agency No. A72–510–075.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 23, 2004.

Bert M. Vega, Law Office of Bert M. Vega, Vallejo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Susan Houser, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before LEAVY, McKEOWN and BERZON, Circuit Judges.

MEMORANDUM**

Angelito Matundan Gonzales, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the denial of asylum and withholding of removal. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We deny the petition for review.

Gonzales did not establish that representatives of the New People's Army ("NPA"), who attempted to extort money from him, were motivated by Gonzales' political opinion rather than their own economic goals. *See Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir.1997). Because the evidence does not compel the conclusion that the extortion was motivated, even in part, on account of a protected ground, substantial evidence supports the IJ's denial of asylum. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Gonzales failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001).

Pursuant to *Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004) (order), Gonzales' untimely motion for stay of voluntary departure is denied.

**PETITION FOR REVIEW DENIED.**