**Sarkis TIRATSUYAN, Petitioner,**

v.

**Alberto GONZALES, Attorney**

General, Respondent.*

No. 03–70999.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided March 29, 2005.

Katie Lien, Beverly Hills, CA, for Petitioner.

David L. Ross, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Sarkis Tiratsuyan, an Armenian national, conceded removability

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

** This disposition is not appropriate for publication and may not be cited to or by the

and sought asylum and withholding of removal, and alternatively requested voluntary departure. The IJ denied relief and the BIA summarily affirmed. Tiratsuyan petitions this court for review, arguing that the IJ's decision should be reversed because his adverse credibility finding and denial of asylum and withholding of removal were not supported by substantial evidence. He also requests the court to reverse the IJ's denial of voluntary departure and argues that the BIA's summary affirmance procedure violated his due process rights. The petition for review is denied.

Adverse credibility determinations are reviewed under the substantial evidence standard. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004). Such findings must be supported by "specific" and "cogent" reasons. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003).

The BIA's decision that an alien has not established eligibility for asylum or withholding of removal is also reviewed under the substantial evidence standard. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). The BIA's determination must be upheld if supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

▉ Because the parties are familiar with the facts of the case, we will not recount them here. We find that the IJ's adverse credibility finding was not supported by substantial evidence. Tiratsuyan provided a detailed description of past events in Armenia, and the IJ's conclusion that he fled Armenia to avoid military conscription was based on conjecture. Nevertheless, the IJ's determination that Tiratsuyan was ineligible for asylum was supported by substantial evidence.

Assuming, *arguendo*, that Tiratsuyan suffered past persecution, the evidence in the record rebuts the presumption that he has a well-founded fear of future persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 864 (9th Cir.2005). A well-founded fear of persecution must be subjectively genuine and objectively reasonable. *Montecino v. INS*, 915 F.2d 518, 520–21 (9th Cir.1990). Even if we presume that Tiratsuyan has a subjectively genuine fear of future persecution, the record does not support a finding of an objectively reasonable fear. Tiratsuyan testified that his father is no longer being bothered by security officials, that newspaper reports indicate the Dashank is no longer banned from political activity, and that Armenia now has a new president. Additionally, the State Department reported in 2000 that the Dashank was no longer banned and that it had re-entered political activity in 1998. This undisputed evidence is a reasonable, substantial and probative rebuttal of Tiratsuyan's claim of a well-founded fear of future persecution. Therefore, the IJ's decision must be upheld under *Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812.

▉ For the same reasons, the IJ's decision to deny withholding of removal must also be upheld. "To qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotation marks omitted). "This 'clear probability' standard for withholding of removal is more stringent than the well-founded fear standard governing asylum." *Id.* at 888–89 (citations omitted). The standard "has no subjective component, but, instead, requires the alien to establish

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Substantial evidence supported the IJ's finding that Tiratsuyan was ineligible for asylum. The same evidence supported the IJ's denial of withholding of removal.

The BIA's discretionary decision to deny voluntary departure is not subject to judicial review. *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004) (published order). Tiratsuyan's argument that the BIA's summary affirmance procedures violate due process was rejected in *Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003).

The petition for review is DENIED.