**Ferry Indra GUNAWAN, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

**No. 03–73677.**
**Agency No. A79–587–735.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 7, 2005.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Thomas Fatouros, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM ***

Ferry Indra Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's determination that Gunawan experienced discrimination, but not persecution on account of an enumerated ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995).

Substantial evidence also supports the IJ's conclusion that Gunawan does not have a well-founded fear of persecution. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (stating that continual presence of similarly-situated family members and applicant's return to country undercuts claim of persecution). Even if Gunawan is a member of a disfavored group, *see Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir. 2004), he has not established a sufficient individualized risk to compel the conclusion that he has a well-founded fear of persecution. *Cf. id.* at 927–29.

Because Gunawan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for with-

holding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Gunawan's December 22, 2003, motion for stay of voluntary departure is denied because the agency did not grant Gunawan voluntary departure. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159–60 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

