**J. Guadalupe BALTAZAR–HUERTA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72309.
Agency Nos. A77–824–303, A77–824–304.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Rhoda Wilkinson Domingo, Law Office of Rhoda Domingo, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Richard M. Evans, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

J. Guadalupe Baltazar–Huerta and Maria Melouiades Andres–Espinal, natives and citizens of Mexico, petition for review of an order of the Board of Immigration

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Appeals ("BIA") which summarily affirmed an Immigration Judge's ("IJ") denial of their applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny in part, and dismiss in part the petition for review.

We have jurisdiction under 8 U.S.C. § 1252 over petitioners' withholding of removal claim. Reviewing for substantial evidence, *Kaur v. Ashcroft*, 379 F.3d 876, 884 (2004), we deny the claim because substantial evidence supports the IJ's determination that petitioners did not demonstrate they are more likely than not to be persecuted in Mexico within the meaning of withholding of removal. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222–23 (9th Cir.2005).

We lack jurisdiction to review the IJ's determination that the petitioners are statutorily ineligible for asylum based on the one-year time bar. *See id.* at 1221–22.

We decline to consider petitioners' cancellation of removal claim because they raised it for the first time in their reply brief. *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir.2003).

Petitioners have failed to exhaust their claim for protection under CAT with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Finally, petitioners request review from this court's June 24, 2004, order denying their motion for stay of voluntary departure. We lack jurisdiction to grant the request because the voluntary departure period has expired. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**