**Harjit SINGH; Kulbar Kaur, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71885.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the Dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Harjit Singh and Kulbar Kaur, husband and wife and natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order denying Singh's application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law. *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.2005). We deny the petition for review.

The BIA properly denied Singh's application for cancellation of removal because Singh was absent from the United States for more than 180 days and so could not prove the requisite continuous physical presence. *See* 8 U.S.C. § 1229b(d)(2) (deeming that an alien fails to maintain continuous physical presence if he departs from the U.S. for any periods exceeding 180 days in aggregate). The fact that Singh was a temporary resident at the time of his departures does not change this outcome. *See Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 938 (9th Cir.2005) (per

curiam) (describing 8 U.S.C. § 1229b(d)(2) as a bright-line rule).

Pursuant to *Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004), Singh's untimely motion for stay of voluntary departure is denied.

**PETITION FOR REVIEW DENIED.**