Karine KHACHATRYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70623.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2006.

Decided March 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., Virginia Lum, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Petitioner Karine Khachatryan is a native and citizen of Armenia. She seeks review of a decision of the Board of Immigration Appeals, which affirmed an immigration judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture, and also seeks review of the denial of her request for voluntary departure. We dismiss in part and deny in part.

1. We lack jurisdiction to review a denial of voluntary departure. 8 U.S.C. § 1229c(f); *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004) (order). Accordingly, we dismiss the petition with respect to the request for voluntary departure.

2. As to the remaining claims, we have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). To reverse a factual finding we must conclude that the evidence compels a contrary result. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001).

The immigration judge permissibly relied on instances in which Petitioner's testimony differed from the documentation presented. The application and supporting medical certificate stated that the key political rally, at which Petitioner allegedly suffered injuries, took place in January 2000. In her testimony, Petitioner repeatedly maintained that these events hap-

pened in October 1999, until she was confronted with the conflicting documents. Petitioner concedes that the facts surrounding this rally, including its timing, go to the heart of her claim, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), in the particular context of this case. For example, according to Petitioner's asylum application, the rally followed a series of political events that took place between October 1999 and "the end of the year," so a rally in October could not have responded to events that had not yet occurred.

In addition, Petitioner testified that she kept the books for a political party called Orinats Yerkir and "saw some problems" in the organization's accounting; similarly, in the asylum application she wrote that she "began to notice very strange expenses" in the organization's budget. But when questioned further, Petitioner testified that she merely wrote down whatever she was instructed to at the time and that she did not know until her relatives told her later that money was not being distributed properly.[1]

Although we might have made a different credibility finding, we cannot conclude that a reasonable fact-finder would be compelled to believe Petitioner.

3. Based on the adverse credibility finding, we also affirm the denial of Petitioner's application for withholding of removal and for relief under the Convention Against Torture. *Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Petition DISMISSED in part and DENIED in part.

---

1. We need not consider whether the immigration judge's additional reasons also are supported by substantial evidence because, as long as one reason that goes to the heart of the claim is so supported, we must accept the adverse credibility determination. *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).