**Noel Enrique Payan SANDOVAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72076.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gjon Juncaj, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Noel Enrique Payan Sandoval, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

Payan Sandoval filed his second motion to reopen more than two years after the BIA issued its final order. The BIA did not abuse its discretion in refusing to apply equitable tolling in this case because Payan Sandoval did not establish that he acted with due diligence in pursuing his ineffective assistance of counsel claim. *Cf. Rodriguez–Lariz*, 282 F.3d at 1227 (applying equitable tolling where petitioners promptly retained new counsel and filed a motion to reopen within one month of receiving notification that their initial motion for reconsideration had been denied). Accordingly, the BIA did not abuse its discretion in denying the motion as untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to reinstate Payan Sandoval's voluntary departure period. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.