such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).

**Javier Godinez VILLEGAS;
et al., Petitioners,**

v.

**Peter D. KEISLER \*, Acting Attorney
General, Respondent.**

No. 07–71325.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2007.\*\*

Filed Oct. 18, 2007.

Javier Godinez Villegas, Huntington Park, CA, pro se.

Julia Azucena Velarde Mariscal, Huntington Park, CA, pro se.

Raquel Godinez, Huntington Park, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice. Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

Respondent's unopposed motion for summary disposition is construed as a motion to dismiss in part and a motion for summary disposition in part. This court lacks jurisdiction to review the BIA's refusal to reopen removal proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir.2002). Accordingly, respondent's motion to dismiss in part is granted.

The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

All other pending motions are denied as moot.

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).