Karen **MARGARYAN, Petitioner,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 07–74989.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

Margarita Mkrtchyan, for Petitioner.

Carol Federighi, Yamileth G. Handuber, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The regulations provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioner's motion to reopen, filed more than three years after the final administrative decision was rendered. In this regard, the BIA correctly determined that petitioner failed to show that he had been the victim of ineffective assistance of counsel such that the time limits for filing his motion should be equitably tolled. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir. 2003). Nor did the BIA err in concluding that petitioner failed to show that reopening was warranted based on changed circumstances in Armenia. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, this petition for review is denied.

All other pending motions are denied as moot.

The temporary stay of removal shall continue in effect until issuance of the mandate. The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**