Balbina DIEGO–JARA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–71402.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Balbina Diego–Jara, Los Angeles, CA, pro se.

Monica Antoun, Esquire, Carl H. McIntyre, Jr., Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Office of the District Counsel Department of Homeland Security, Los Angeles, CA,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") March 18, 2008 order denying petitioner's "motion for administrative closure." The BIA denied petitioner's motion because (1) a final order of removal had already been entered against petitioner; and (2) to the extent petitioner's motion could be construed as a motion to reopen, it was untimely and number-barred.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

The BIA did not abuse its discretion in construing petitioner's motion for administrative closure as a motion to reopen where petitioner sought closure to pursue possible amnesty relief should Congress pass amnesty legislation. Petitioner's motion was filed after a final administrative order had been entered, and, accordingly, there were no administrative proceedings to close.

In addition, an alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R.

§ 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

Petitioner's motion for reinstatement of voluntary departure is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.