Mauro Bravo MARTINEZ; Maria
Guadalupe Bravo–Ayala,
Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 06–75616.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 24, 2009.

Arnoldo Casillas, Esq., Moreno, Becerra & Guerrero, Montebello, CA, for Petitioners.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacey I. Young, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Mauro Bravo Martinez and Maria Guadalupe Bravo–Ayala, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen alleging ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law including claims of due process violations due to ineffective assistance of counsel, *see Mohammed v. Gonzales,* 400

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 785, 791–92 (9th Cir.2005), and we deny the petition for review.

 Contrary to petitioners' contention, the BIA evaluated whether petitioners' three former attorneys performed with sufficient competence. Moreover, the BIA correctly concluded that petitioners failed to establish they were prejudiced by the performance of their former attorneys. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice for a petitioner to prevail on a due process claim).

 To the extent petitioners seek an extension of the voluntary departure period, the request is denied. *See Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1172 (9th Cir.2003) (court lacks authority to extend voluntary departure period). Moreover, the request was made after the departure period had expired. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**