**Mustapha KAMARA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74931.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2009.*

Filed Oct. 14, 2009.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Walter Manning Evans, Esquire, Trial, Jeffrey Ronald Meyer, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

MEMORANDUM **

Mustapha Kamara petitions for review of the Board of Immigration Appeals' decision affirming the IJ's denial of his applications for asylum, withholding of removal, and CAT relief. We review the IJ's adverse credibility finding and determinations of eligibility for asylum and CAT relief for substantial evidence. *See Mousa v. Mukasey*, 530 F.3d 1025, 1027 (9th Cir. 2008); *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir.2009). We dismiss the petition in part and deny it in part.

Substantial evidence supports the IJ's adverse credibility determination. Kamara's inconsistencies regarding the dates and length of his forced recruitment were not trivial and went to the heart of his claim because they concerned the very event upon which he predicated his claim for asylum. *See Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir.2007).

Substantial evidence also supports the IJ's alternate conclusion that Kamara had failed to establish that his abduction by the RUF, even accepting that it occurred, was on account of a protected ground. He failed to provide any evidence that whatever happened to him was on account of a political opinion imputed to him; likewise, there is no evidence that he would be

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

persecuted by the government on account of an imputed political opinion if he were to return to Sierra Leone. *See Sanghu v. INS,* 103 F.3d 1482, 1488–90 (9th Cir. 1997).

Similarly, substantial evidence supports the IJ's determination that Kamara is not entitled to CAT relief.

We lack jurisdiction over Kamara's arguments concerning voluntary departure because he failed to request voluntary departure before the IJ and the BIA. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004); *Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004). Accordingly, we dismiss Kamara's voluntary departure claim.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

* The Honorable Eugene E. Siler, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.