**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA MISHUSTINA, | No. 05-70513 |
| Petitioner, | Agency No. A077-427-431 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2010[**]
Pasadena, California

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

Victoria Mishustina petitions for review of a final decision of the Board of

Immigration Appeals denying her motion to reopen a proceeding in which she was

denied asylum and withholding of removal under the Immigration and Nationality

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act, 8 U.S.C. §§ 1158, 1231(b)(3), and denying her motion for reinstatement of voluntary departure, pursuant to 8 U.S.C. § 1229c.

A motion to reopen must ordinarily be filed within ninety days after the final decision of the BIA. 8 C.F.R. § 1003.2(c)(2). Mishustina's was not. Mishustina seeks to avail herself of the exception to the timing requirement for cases in which there are "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id*. § 1003.2(c)(3)(ii). But to show changed circumstances, Mishustina points only to Russian laws that had already been enacted at the time of her hearing. These laws could have been discovered or presented at Mishustina's original hearing. Her motion to reopen was untimely.

The BIA reviewed Mishustina's motion to reopen under its established standard for untimely motions to reopen. *In re Beckford*, 22 I. & N. Dec. 1216 (BIA 2000). The BIA did not abuse its discretion by failing to reopen based upon the limited evidence that Mishustina presented. *See He v. Gonzales*, 501 F.3d 1128, 1133 (9th Cir. 2007).

Mishustina's petition for review also suggests that the BIA abused its discretion in refusing to reinstate her voluntary departure. We lack jurisdiction to

review the BIA's decision to grant or deny a request for voluntary departure.

*Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order).

The petition for review is DENIED.