**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| VICTORIA MISHUSTINA, | No. 05-70513 |
| Petitioner, | Agency No. A077-427-431 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | ORDER AND MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2010[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

**ORDER**

The memorandum disposition filed on August 18, 2010 is withdrawn. The

superseding disposition will be filed concurrently with this order. All pending

petitions are denied as moot.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**DISPOSITION**

Victoria Mishustina petitions for review of a final decision of the Board of Immigration Appeals denying her motion to reopen a proceeding in which she was denied asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231(b)(3), and denying her motion for reinstatement of voluntary departure, pursuant to 8 U.S.C. § 1229c. We review the BIA's order denying Mishustina's motion to reopen for abuse of discretion; we review purely legal questions de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We grant Mishustina's petition for review and remand.

The BIA abused its discretion in finding that Mishustina had not demonstrated a substantial likelihood that she would qualify for asylum, thereby qualifying for the regulatory exception to the normal requirement that a motion to reopen must be filed within ninety days after the final decision of the BIA. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.2(c)(3)(ii) (exception to the 90-day requirement where there are "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing").

Mishustina's petition for review also suggests that the BIA abused its discretion in refusing to reinstate her voluntary departure. We lack jurisdiction to

review the BIA's decision to grant or deny a request for voluntary departure. *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order).

We grant Mishustina's petition for review and remand to the BIA with instructions to remand the case to the Immigration Court.

**GRANTED and REMANDED**.