NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO REYES, | No. 18-71436 |
| Petitioner, | Agency No. A029-140-172 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022[**]
Las Vegas, Nevada

Before: D.M. FISHER,[***] BENNETT, and KOH, Circuit Judges.

Juan Antonio Reyes ("Reyes") petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from the immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

judge's ("IJ") (1) determination of his ineligibility for special rule cancellation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), (2) denial of his application for asylum, (3) denial of withholding of removal, (4) denial of protection under the Convention Against Torture ("CAT"), and (5) denial of his request for an order of voluntary departure. We address each claim in turn. We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). The parties are familiar with the facts of the case, so we do not recount them here.

1.      We review the BIA's legal conclusions *de novo*. *Id.* To be eligible for special rule cancellation of removal under NACARA, a noncitizen must show that he has not "been convicted of an aggravated felony." 8 C.F.R. § 1240.66(a). As defined in the Immigration and Nationality Act ("INA"), an "aggravated felony" can be, among other crimes, "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F).

In 1996, Reyes received a felony conviction for corporal injury of a spouse under California Penal Code § 273.5. Reyes was sentenced to 365 days' imprisonment. The California state court later reduced Reyes' felony conviction to a misdemeanor but declined to reduce Reyes' sentence. Reyes argues that he is

2

eligible for special rule cancellation under NACARA primarily because in 2015, California enacted California Penal Code § 18.5 to state that "[e]very offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period not to exceed 364 days." Therefore, although Reyes was convicted of a felony, sentenced to 365 days in jail, and served those 365 days in jail, Reyes argues that the IJ and the BIA should have construed his sentence to have been 364 days long.

The BIA and the IJ both decided that Reyes was ineligible for special rule cancellation under NACARA. The BIA concluded that the relevant inquiry for purposes of NACARA requires courts to "examine the sentence imposed at the time the conviction was entered regardless of any subsequent change in the law regarding possible sentences."

Our case law confirms the BIA's decision. In *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1083–84, 1086 (9th Cir. 2021), we analyzed the effect of California Penal Code § 18.5 on a provision of the INA that is worded similarly to the NACARA provision at issue here. We declined "to give retroactive effect to the California statute in the cancellation of removal context," *id.* at 1087, and we concluded when determining the length of an applicable sentence for purposes of cancellation of removal, the proper analysis was to "consult the law that applied at

3

the time of that conviction," *id.* at 1086 (internal quotation omitted).

Therefore, based on our holding in *Velasquez-Rios*, we affirm the BIA's decision that it should "examine the sentence imposed at the time the conviction was entered regardless of any subsequent change in the law regarding possible sentences." Using that reasoning, Reyes is ineligible for special rule cancellation under NACARA. We therefore deny his petition as to his claim for special rule cancellation under NACARA.

2. Substantial evidence supports the BIA's and the IJ's determinations that Reyes failed to demonstrate a well-founded fear of persecution based upon a protected ground.

Reyes alleged that around the time that he fled El Salvador in 1985, guerillas tried to enlist him and asked him to climb a tree to retrieve coconuts. Reyes did not do so but was not physically harmed by the guerillas. Reyes argues that he is a member of a cognizable social group of people "who have been recruited by guerrillas in El Salvador and now fear the gangs." Even assuming that such a social group would be legally cognizable, Reyes did not establish before the IJ or the BIA that his membership in this group would cause his persecution upon his return to El Salvador. The IJ determined, and the BIA agreed, that it was "extremely speculative to think that any guerrillas who may have confronted [Reyes] decades ago may recognize him or otherwise have the inclination or

4

wherewithal to harm him."

Because the BIA and the IJ based their decisions on evidence in the record, the BIA and the IJ based their findings on substantial evidence. *See Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). We therefore deny Reyes' petition as to his asylum claim.

3. Because Reyes failed to meet his burden of showing a well-founded fear of persecution on account of his membership in the group of people "recruited by guerrillas in El Salvador and now fear the gangs" for the purposes of asylum, he necessarily fails to satisfy the higher burden for withholding of removal. *See id.* at 854. We therefore deny Reyes' petition as to his withholding of removal claim.

4. Substantial evidence supports the BIA's and the IJ's denial of protection under CAT. At his hearing before the IJ, and in the record evidence, Reyes expressed only a generalized fear of gang violence. "Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture." *B.R. v. Garland*, --- F.4th ----, 2022 WL 534349, at *13 (9th Cir. 2022). We therefore deny Reyes' petition as to protection under CAT.

5. We lack jurisdiction to review the BIA's denial of a request for an order of voluntary departure. 8 U.S.C. § 1229c(f) ("No court shall have

5

jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) . . . .”); *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004). We therefore dismiss Reyes' petition as to his request for voluntary departure.

**PETITION DENIED IN PART AND DISMISSED IN PART.**