**Vira Dorabji BAMANBEHRAMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71145.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, J. David McDowell, Carol Federighi, Esq., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Vira Dorabji Bamanbehrama, a native and citizen of India, petitions for review of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review a denial of voluntary departure. *See* 8 U.S.C. § 1229; *see also Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir.2004) (order). Accordingly, we dismiss the petition with respect to this claim.

We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the claims.

Substantial evidence supports the IJ's and BIA's decision that petitioner failed to show that the government was unable or unwilling to control the Hindu fundamentalists who stoned her home. *See Singh v. INS*, 134 F.3d 962, 968 (9th Cir.1998). Because the police responded to petitioner's request for help, came to her home and asked questions regarding the incidents, and later told her that they were looking into the matter, she fails to show that the government was unable or unwilling to control her perpetrators. *See id.* (holding alien failed to show the government was unable or unwilling to control the attackers where police came to alien's location when they were called and no further action was taken, which could have been due to a lack of suspects).

Because petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the IJ's conclusion that petitioner failed to show that it was more likely than not that she will be tortured if returned to India. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001). Her CAT claim is accordingly denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**