**Martin VAZQUEZ–GALVAN,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 06–75124.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2007 *.

Filed April 9, 2007.

Martin Vazquez–Galvan, Riverside, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Coun-

sel, Department Of Homeland Security, San Francisco, CA, Thomas Fatouros, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen or reconsider removal proceedings.

The regulations provide that "a party may file only one motion to reopen," *see* 8 C.F.R. § 1003.2(c)(2), and that "a party may file only one motion to reconsider any given decision...." *See* 8 C.F.R. § 1003.2(b)(2). Therefore, the BIA did not abuse its discretion in denying petitioner's third motion to reopen, and, to the extent that petitioner's motion could be construed as a motion to reconsider, second motion to reconsider. *See id.; see also Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003). Moreover, the BIA did not abuse its discretion in denying the motion to reopen because petitioner failed to demonstrate a prima facie case that he, in particular, would more likely than not be tortured if removed to Mexico. *See Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir.2001).

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. To the extent that petitioner seeks reinstatement of voluntary departure, this court lacks jurisdiction to grant that request. *See Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004). The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.