Juan Lopez PALACIOS;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 07–70704.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 20, 2007 *.

Filed Aug. 24, 2007.

Juan Lopez Palacios, Las Vegas, NV, pro se.

Virginia Lopez, Las Vegas, NV, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ana T. Zablah, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and M. SMITH, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

Respondent's motion to dismiss and for summary disposition is granted. This pe-

tition for review is dismissed in part and denied in part.

To the extent petitioners seek review of the BIA's denial of their motion to reopen to present new evidence, the petition for review is dismissed because this court lacks jurisdiction to review the BIA's discretionary determination that the new evidence presented by the petitioners would alter the BIA's prior finding that petitioners failed to establish that their removal would result in exceptional and extremely unusual hardship to their qualifying relatives. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006).

To the extent petitioners seek review of the BIA's denial of their motion to reopen to consider whether the IJ erred in finding petitioner Juan Lopez Palacios ineligible for cancellation, the petition for review is denied, because petitioner Juan Lopez Palacios has suffered a conviction under California Penal Code · § 273.5(a), a domestic violence offense under 8 U.S.C. § 1227(a)(2)(E). *See* 8 U.S.C. § 1229b(b)(1)(C).

To the extent petitioners seek review of the BIA's decision to construe a portion of the motion to reopen as a motion to reconsider, and then to deny the motion as untimely, the petition for review is denied. The BIA properly construed the argument that the IJ and the BIA erred in finding that petitioners failed to qualify for cancellation of removal as a motion for reconsideration. *See* 8 C.F.R. § § 1003.2(b)(1) and (c)(1). Further, petitioners filed their motion to reopen on December 6, 2006, more than 30 days after the BIA's decision dismissing their appeal. *See* 8 C.F.R. § 1003.2(b)(2). Thus, the BIA did not err in denying the motion as untimely.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review petitioners' claim, raised for the first time in their reply to respondent's motion to dismiss, that the IJ showed bias against petitioners and therefore violated their rights to due process and a fair hearing, because petitioners failed to raise these allegations before the BIA and accordingly did not exhaust their administrative remedies. *See Sanchez–Cruz v. I.N.S.*, 255 F.3d 775, 780 (9th Cir.2001).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.