Bulmaro **CHIMIL–FELIPE, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**Nos. 04–74369, 04–75988.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 15, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, Salvatore Picareillo, Morgan, Lewis & Bockius LLP, Irvine, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Melissa Leibman, Esq., Mark L. Gross, Esq., Christopher C. Wang, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Bulmaro Chimil–Felipe, a Mexican native and citizen, petitions for review of the Board of Immigration Appeal's ("BIA") order denying his motion to reopen removal proceedings, which claimed ineffective assistance of counsel. Chimil–Felipe also petitions for review of the BIA's order denying his motion to reconsider that decision. We review the denial of motions to reopen and to reconsider for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny both petitions.

Petitioner applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b), claiming his removal would be an "exceptional and extremely unusual" hardship on his United States citizen daughter, who suffers from sinusitis and nosebleeds. Petitioner claims he received ineffective assistance of counsel at his removal hearing because his counsel failed to introduce any evidence corroborating his claim of hardship.

■ The BIA erred in holding petitioner was required to submit medical or other documentation showing hardship on his daughter on a motion to reopen. The BIA's own regulation on motions to reopen requires only that the motion "state the new facts that will be proven at a hearing to be held if the motion is granted and ... be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1).

Thus, an affidavit reciting the new facts to be proven at a hearing, without additional documentation, is sufficient evidence upon which to grant a motion to reopen under the regulation.

 Nevertheless, petitioner's affidavit fails to state what evidence he would present that his prior counsel failed to present if his removal proceedings were reopened. Accordingly, petitioner has failed to prove his prior counsel's performance was "so inadequate that it may have affected the outcome of the proceedings," and therefore has failed to prove prejudice. *Ray v. Gonzales,* 439 F.3d 582, 587 (9th Cir.2006).

 Petitioner's motion to renew his request for a stay of removal is denied as moot. Petitioner's motion for *nunc pro tunc* equitable tolling of his voluntary departure period is denied; this court lacks jurisdiction to grant such a motion filed after the departure period has expired. *Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004).

**PETITIONS DENIED.**