**Juan Samuel Chan PAXTOR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72645.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.[*]

Filed Nov. 26, 2007.

Raul M. Montes, Esq., Montes & Montes, Chula Vista, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Securi-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William H. Bowne, III, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Juan Samuel Chan Paxtor, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order that affirmed an Immigration Judge's ("IJ") order denying his claim for withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement, we review the IJ's order as if it were the BIA's. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). Reviewing for substantial evidence, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

■ Substantial evidence supports the IJ's denial of withholding of removal because Chan Paxtor failed to establish that his rape or his father's military recruitment was on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir.2005). Chan Paxtor also failed to show that it is more likely

than not that he will suffer future persecution in Guatemala under any of the statutorily protected grounds. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002).

■ Substantial evidence supports the IJ's determination that Chan Paxtor was ineligible for CAT relief because he failed to establish that it is more likely than not that he will be tortured should he return to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

On August 29, 2006, this Court stayed Chan Paxtor's voluntary departure period. To the extent he requests that we extend his period of voluntary departure beyond 60 days, we deny the request because we lack the authority to do so. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.