**Santa Barrera HERNANDEZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73636.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Feb. 11, 2008 *.

Filed Feb. 15, 2008.

Santa Barrera Hernandez, Anaheim, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Christopher P. McGreal, U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motions to reconsider and reopen.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The regulations state that motions to reconsider shall be limited to one motion to reconsider in any case previously the subject of a final decision by the BIA. *See* 8 C.F.R. § 1003.2(b)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reconsider for exceeding the numerical limitations because the BIA previously denied petitioners' first motion to reconsider on April 29, 2005.

To the extent the motion is construed as a motion to reopen, the regulations state that a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. Petitioners' final administrative order of removal was entered on February 23, 2005. Petitioners' motion to reopen was filed on April 30, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). The regulations state a motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. *See* 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion in denying petitioners' motion to reopen, which was based on the grounds of new circumstances due to new, unspecified changes in the law, because the motion to reopen did not have any documents attached to it to establish petitioners are prima facie eligible for any relief from removal.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

The motion for stay of voluntary departure, filed after the departure period had

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.