**Jose Santos OROZCO–OROZCO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74516.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Jose Santos Orozco–Orozco, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Jesse M. Bless, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") order denying petitioner's second motion to reopen as both untimely and barred by numerical limitations.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review the denial of motions to reopen for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The BIA did not abuse its discretion in construing petitioner's "motion for administrative closure" as a motion to reopen. In this motion, petitioner sought administrative closure to pursue possible amnesty relief should Congress pass amnesty legislation. The motion was filed after a final administrative order of removal had been entered, thus, there were no administrative proceedings to close. In addition, the regulations provide that a party may file only one motion to reopen removal proceedings and the motion to reopen must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely and numerically barred. Petitioner's final administrative order of removal was entered on July 30, 2004. Petitioner's second motion to reopen was filed on August 27, 2007, more than 90 days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

Respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**