Artemio ARAUJO–GARCIA; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–75011.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Artemio Araujo–Garcia, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marilu Araujo, pro se.

Tania Jasmine Araujo, pro se.

John W. Blakeley, OIL, James A. Hunolt, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen and motion to reconsider. We review the denial of a motion to reopen and to reconsider for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

The BIA denied petitioners' appeal on August 24, 2005. Petitioners filed a motion to reopen on March 26, 2007. The BIA denied the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioners then filed a second motion to reopen and a motion to reconsider on September 10, 2007. The regulations provide, with certain exceptions that do not apply to this case, that "a party may file only one motion to reopen ... and that motion must be filed no later

than 90 days after the date on which the final administrative decision was rendered...." *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as numerically barred and time barred. *See id.; see also* 8 U.S.C. § 1229a(c)(7)(C)(i); *Iturribarria v. INS,* 321 F.3d 889, 895–96 (9th Cir.2003).

The regulations further provide that a motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision...." *See* 8 C.F.R. § 1003.2(b)(2). The BIA did not abuse its discretion in denying petitioners' motion for reconsideration as time barred. *See id.;* 8 U.S.C. § 1229a(c)(6)(B).

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We lack jurisdiction to review the BIA's refusal to exercise its discretion to reopen or reconsider sua sponte. *See Ekimian v. INS,* 303 F.3d 1153, 1160 (9th Cir.2002). Accordingly, this petition for review is dismissed in part.

We lack jurisdiction to reinstate petitioners' voluntary departure. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159–60 (9th Cir.2004). Accordingly, petitioners' request to reinstate voluntary departure is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.