Cecilio SANCHEZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70407.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Cecilio Sanchez, pro se.

Cira Sanchez, pro se.

Luz Sanchez, pro se.

OIL, Song E. Park, Carol Federighi, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioners petition for review from the Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen removal proceedings. We review the denial of a motion to reopen for abuse of discretion. *See Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004); *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

Following the BIA's denial of petitioners' appeal and the BIA's subsequent denial of petitioners' motion to reopen and to reconsider, petitioners then filed this motion to reopen to apply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The regulations provide that "a party may file only one motion to reopen ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered...." *See* 8 C.F.R. § 1003.2(c)(2). Changed circumstances in petitioners' country of origin, however, may justify the late filing of a motion to reopen to file a claim for asylum, withholding of removal, or CAT relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA properly found that the evidence submitted by petitioners, a declaration by one petitioner that petitioners fear random violence in Mexico, was not sufficient to establish changed circumstances to support further consideration of petitioners' asylum, withholding of removal, or CAT claims. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Hamoui,* 389 F.3d at 826; *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). Accordingly, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as numerically and time barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2.

Accordingly, respondent's motion for summary disposition is granted because

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Petitioners' motion for stay of voluntary departure, filed after the voluntary departure period had expired, is denied. *See Garcia v. Ashcroft,* 368 F.3d 1157 (9th Cir.2004).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.