Sandra Evelia ESTRADA–
DOMINGUEZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70110.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2008.*

Filed June 18, 2008.

Joubin Nasseri, Esq., Nasseri Law Group, Los Angeles, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, OIL, DOJ— U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, BERZON and M. SMITH, Circuit Judges.

MEMORANDUM \*\*

Petitioner petitions for review from the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings. We review the denial of a motion to reopen for abuse of discretion. *See Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004); *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir. 2002).

Following the BIA's denial of petitioner's appeal on February 27, 2006 and the BIA's subsequent denial of petitioner's motion to reconsider, petitioner filed an appeal with this court, which was denied in part and dismissed in part on April 16, 2007. Petitioner then filed this motion to reopen, to challenge the BIA and IJ's findings that petitioner had not established the requisite hardship, and to apply for protection under the Convention Against Torture ("CAT") on October 26, 2007.

The regulations provide that "a party may file only one motion to reopen ... and

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**438**

that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered...." *See* 8 C.F.R. § 1003.2(c)(2). Changed circumstances in the country of origin, however, may justify the late filing of a motion to reopen to file a claim for CAT relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA properly found that the evidence submitted by petitioner, documenting random violence in Mexico, was not sufficient to establish changed circumstances to support further consideration of petitioner's CAT claim. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Hamoui*, 389 F.3d at 826. Accordingly, the BIA did not abuse its discretion in denying petitioner's second motion to reopen as numerically and time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2. Further, we reject petitioner's unsupported assertion that the BIA was biased against her simply because it denied her motion to reopen.

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We lack jurisdiction to review the BIA's refusal to sua sponte reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir.2002). We therefore dismiss in part this petition for review.

Petitioner's motion for stay of voluntary departure, filed after the voluntary departure period had expired, is denied. *See Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**