**Raul Enciso DIAZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70208.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2008.*

Filed June 19, 2008.

Raul Enciso Diaz, pro de.

Juana Enciso, pro se.

David U. Enciso, pro se.

Greg D. Mack, U.S. Department of Justice, Civil Division, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, BERZON and M. SMITH, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen. We review the denial of a motion to reopen for abuse of discretion. *See Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004); *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

The BIA denied petitioners' appeal on August 7, 2006. Petitioners filed a motion to reopen which was denied by the BIA on November 27, 2006. Petitioners appealed the BIA's denial of the motion to reopen to this court, which appeal was dismissed on May 15, 2007. Petitioners then filed a second motion to reopen on October 26, 2007. The BIA denied the second motion to reopen on December 20, 2007. This petition followed.

The regulations provide, with certain exceptions that "a party may file only one motion to reopen ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered...." *See* 8 C.F.R. § 1003.2(c)(2). Changed circumstances in petitioners' country of origin, however, may justify the late filing of a motion to reopen to file a claim for Convention Against Torture ("CAT") relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA properly found that the evidence submitted by petitioners, articles regarding random violence in Mexico, was not sufficient to establish changed circumstances to support further consideration of petitioners' asylum, withholding of removal, or CAT claims. *See* 8 C.F.R.

§ 1003.2(c)(3)(ii); *Hamoui,* 389 F.3d at 826; *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). Accordingly, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as numerically and time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We lack jurisdiction to stay petitioners' voluntary departure, which expired prior to the filing of this petition for review. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159–60 (9th Cir.2004). Accordingly, petitioners' request to stay voluntary departure is denied.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publi- cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.