Ramon PEREZ–CASTANEDA; et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72637.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ramon Perez–Castaneda, pro se.

Margarita Perez, pro se.

Manuel De Jesus Perez, pro se.

David V. Bernal, Esquire, Ali Manu-chehry, Esquire, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

This is a petition for review of a Board of Immigration Appeals' ("BIA") order denying petitioners' second motion to reopen as both untimely and barred by numerical limitations.

■ We review the denial of motions to reopen for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). The BIA did not abuse its discretion in construing petitioners' "motion for administrative closure" as a motion to reopen. In this motion, petitioners sought administrative closure to pursue possible immigration relief should Congress pass immigration legislation that might be of benefit to them. The motion was filed after a final administrative order of removal had been entered; thus, there were no administrative proceedings to close.

■ In addition, the regulations provide that a party may file only one motion to reopen removal proceedings and the motion to reopen must be filed not later than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely and numerically barred. Petitioners' final administrative order of removal was entered on December 24, 2003. Petitioners' second motion to reopen was filed on January 17, 2008, more than 90 days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

In addition, this court lacks jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte. See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002).

ed by 9th Cir. R. 36–3.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

The motion for stay of voluntary departure, filed after the departure period had expired, is denied. *See Garcia v. Ashcroft*, 368 F.3d 1157 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**