**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ODSUREN TSEDENDAMBA; RAVJAA NYAM OCHIR; ODGARIG NYAM OCHIR; ALTAN OD NYAM OCHIR, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74137 <br><br> Agency Nos. A097-114-969 <br> A097-114-970 <br> A097-114-971 <br> A097-114-972 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2010[**]
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and WARE, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

Odsuren Tsedendamba ("Tsedendamba"), her husband Ravjaa, and their two sons Odgarig and Altan (collectively "Petitioners"), Mongolian natives and citizens, petition for review of the Board of Immigration Appeals' ("BIA") denial of their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners also seek a remand to the BIA for reinstatement of the voluntary departure period.[1] We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

We review for substantial evidence the BIA's conclusion that an alien is ineligible for asylum, withholding of removal, or CAT protection. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We review de novo the BIA's resolution of purely legal questions. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). Petitioners bear the burden of establishing eligibility for all three forms of relief. *Zhu v. Mukasey*, 537 F.3d 1034, 1038 (9th Cir. 2008); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

We lack subject matter jurisdiction to consider Petitioners' claim that the asserted failure to record and transcribe some of their testimony before the Immigration Judge ("IJ") violated their due process rights to a full and fair hearing.

---

[1] Petitioners have conceded removability. Therefore, it is not at issue in this petition.

Petitioners did not exhaust this claim before the BIA. Because Petitioners allege a "mere procedural error that an administrative tribunal could remedy," we cannot consider it for the first time on appeal. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (internal quotation marks omitted); *see also Agyeman v. INS*, 296 F.3d 871, 877–78 (9th Cir. 2002).

We also need not and do not reach Petitioners' challenge to the IJ's finding that Tsedendamba was not credible. We review only the grounds for decision relied upon by the BIA. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). Because the BIA did not adopt or rely on the IJ's adverse credibility finding, we "presume that the BIA found [Tsedendamba] to be credible." *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005). As we proceed on this premise, the challenge to the adverse credibility determination is irrelevant to our decision.

Even deeming Tsedendamba's testimony credible, the BIA's conclusion that Petitioners have not established past persecution on a protected ground is legally correct and supported by substantial evidence. First, "Mongolian entrepreneurs who refuse to pay bribes" is not a "particular social group" under 8 U.S.C. § 1101(a)(42)(A). The proposed group is too broad and diverse, lacks "social visibility to be perceived as a group by society," *Davila-Mejia v. Mukasey*, 531 F.3d 624, 629 (9th Cir. 2008), and has "neither a voluntary relationship nor an

3

innate characteristic to bond its members," *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) (holding that Columbian business owners "who resist pressure from narco-traffickers to participate in illegal activity" is too broad to qualify as a particular social group). Second, substantial evidence supports the BIA's conclusion that Petitioners were not persecuted on account of their political opinion. Tsedendamba's own testimony suggests that Petitioners did not refuse to pay bribes on account of a political opinion. She stated that Petitioners "gave money, other goods, and/or furniture on every visit by an inspector or militia officer," and that the only incident in which Petitioners did not immediately pay a requested bribe was caused by a lack of money. Nor is there evidence in the record that Petitioners were targeted for bribes, physical abuse or arrest because of a political opinion imputed to them by bribe-seeking officials. Rather, Tsedendamba testified that bribery is widespread in Mongolia; Petitioners' problems with bribe-seekers were caused by the growth of their business; and bribe-seeking officials "were acting for their own personal benefit, using their government positions to gain money and goods." In sum, the record does not compel a finding that Petitioners' refusal to pay bribes constituted "refusal to accede to extortion in a political system founded on extortion." *Agbuya v. INS*, 241 F.3d 1224, 1229 (9th Cir. 2001).

4

Because Petitioners did not establish past persecution on account of a protected ground, they are not presumed to have a well-founded fear of future persecution. *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Substantial evidence supports the BIA's conclusion that Petitioners have not established an objective well-founded fear of future persecution. This includes Tsedendamba's decision not to seek asylum during her business trips to Belarus, Petitioners' furniture-supply contract with the Mongolian government, and the fact that the State Department country report states that the Mongolian government "generally respected the human rights of its citizens."

Because Petitioners have not satisfied the lower burden of proof for asylum, it follows that they also have not satisfied the more stringent burden of proof for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Further, substantial evidence supports the BIA's conclusion that Petitioners are not eligible for protection under the CAT. The two incidents of past physical abuse alleged by Petitioners and the other evidence in the record is insufficient to compel a finding that Petitioners are "more likely than not to suffer intentionally-inflicted cruel and inhuman treatment" upon their return to Mongolia. *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

5

Finally, we do not have authority to grant Petitioners' request for a remand to the BIA to reinstate voluntary departure. The voluntary departure period granted by the BIA in its first decision expired before this petition for review and motion for a stay of removal was filed, and we are not empowered to extend or reinstate an expired voluntary departure period. *Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004) (order); *Desta v. Ashcroft*, 365 F.3d 741, 747–48 (9th Cir. 2004). The BIA did not reinstate voluntary departure in its decision on remand, and we do not have jurisdiction to review that decision. 8 U.S.C. § 1229c(f).

**PETITION DISMISSED IN PART AND DENIED IN PART.**