**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN MEJIA MENDOZA, | No. 12-72559 |
| Petitioner, | Agency No. A088-223-110 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Esteban Mejia Mendoza, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and review de novo claims of due process violations in immigration proceedings, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

Among other things, the IJ found Mejia Mendoza not credible and denied his claims on that basis. As noted by the BIA, Mejia Mendoza did not challenge the IJ's adverse credibility determination, and thus the BIA declined to address it further. We lack jurisdiction to review Mejia-Mendoza's challenges to the IJ's dispositive credibility determination. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below). Thus, we dismiss the petition as to Mejia Mendoza's asylum and withholding of removal claims.

Mejia Mendoza's CAT claim fails because it is based on the same evidence the agency found not credible, and he does not point to any other evidence in the record that compels the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Guatemala. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). We reject Mejia Mendoza's claim that the BIA failed to consider all of the evidence with regard to

his CAT claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process challenge); *Larita-Martinez*, 220 F.3d at 1095-96 ("an alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence"); *cf. Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("failing to mention highly probative or potentially dispositive evidence" warrants an inference that the evidence was not considered). Thus, we deny the petition as to his CAT claim.

We lack jurisdiction to review Mejia Mendoza's contentions regarding humanitarian asylum and membership in a disfavored group, his claim that the IJ failed to consider all of the evidence with regard to CAT relief, and his claim that the agency failed to consider his aggregate risk of torture because he failed to exhaust these issues. *See Barron*, 358 F.3d at 678.

Finally, we lack authority to reinstate voluntary departure. *See Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004). We do not consider the new evidence Mejia Mendoza submitted because our review is limited to the administrative record before the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

12-72559